**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON**

**CIVIL ACTION NO. 06-188-DLB**

KELLY W. EVE                                                                                          PLAINTIFF

vs.                                       <u>**MEMORANDUM ORDER**</u>

COSMO'S, LLC, ET AL.                                                                           DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This case is before the Court on Joint Motion for Summary Judgment filed by Defendants Gerald Blaschke and Daniel P. Ruh. (Doc. #34.) This motion has been submitted to the undersigned for adjudication, now that Plaintiff's Response (Doc. #44) and moving Defendants' Replies (Docs. #46, #47 & #48) have been filed. Although the dispositive motion is ripe for decision, Plaintiff has moved to strike Blaschke's and Ruh's Replies. (Docs. #51 & #52.) Plaintiff protests that Defendants have raised matters in their Replies that are not properly a part of the reply stage of motion practice.

Blaschke and Ruh's primary argument in support of summary judgment is that, as members of Cosmo's, LLC, they receive the benefit of K.R.S. § 275.150(1), which statute provides in part that "[t]he status of a person as a member, manager, employee, or agent of a limited liability company, ... shall not subject the person to personal liability for the acts or omissions, ... of any other member, manager, agent, or employee of the limited liability company." They contend that based upon this statute they are entitled to summary judgment in their favor for the claims against them personally and individually. Moreover, since Plaintiff's Complaint alleged that Blaschke and Ruh are personally responsible for the

debts and obligations of Cosmo's LLC because that limited liability company is administratively dissolved, Defendants attached to their motion a Certificate of Existence for Cosmo's, LLC issued by the Kentucky Secretary of State and dated August 17, 2007. (*See* Doc. #34-2, Ex. A.) While at the time Plaintiff filed his Complaint Cosmo's LLC had a corporate status of being administratively dissolved, the company's dissolved status was subsequently canceled by the Secretary of State. Movants rely upon this reinstatement of valid corporate status, and specifically what K.R.S. § 275.295(3)(c) refers to as retroactive reinstatement, as permitting them to thereby invoke the benefit of K.R.S. § 275.150(1) and seek dismissal of the claims advanced against them personally.

Given the basis for Blaschke and Ruh's motion, the reinstatement of Cosmo's, LLC's corporate status becomes a potentially relevant consideration. In support of this representation, Movants attached to their motion a copy of the Certificate of Existence noted above. Plaintiff responds that Defendants' motion should be denied because the evidence they rely upon does not comport with that specified in Federal Rule of Civil Procedure 56. In particular, "[t]he issue of limited liability is not admitted on the pleadings, the Defendants did not submit any depositions, answers to interrogatories, admissions on file, or any affidavits to establish the elimination of any genuine issue of material fact." (Doc. #44, at 2.) *See also* Fed. R. Civ. P. 56(c).

Although the initial motion was jointly filed, Blaschke and Ruh separately reply. The Secretary's Certificate of Existence once again surfaces, but this time as an attachment to the Affidavit of Defendant Blaschke filed in conjunction with Defendant Blaschke's Reply. (Doc. #47, Exs. A & A-1.) In his affidavit, Blaschke states that he received and reviewed the Certificate in his role as operations manager of Cosmo's, LLC. The affidavit of Jeanne

Berger, describing her role in the handling of certain corporate paperwork for Cosmo's, LLC, was also attached to Blaschke's Reply. (Doc. #47, Ex. B.) Plaintiff argues that this affidavit of Jeanne Berger constitutes new evidence impermissibly supplied at the reply stage. He contends that had he been aware of Berger's testimony, he would have deposed her to determine the extent of her personal knowledge.

Upon review, striking Defendant Baschke's Reply entirely is not warranted, although striking Berger's affidavit is appropriate, primarily given the timing of its submission along with the fact that it is superfluous. The Secretary's Certificate of Existence issued to Cosmo's, LLC likely would be admissible at any trial under the public records exception to the hearsay rule. *See* Fed. R. Evid. 803(8). And as a domestic public document displaying the Secretary's seal, it is also self-authenticating. *See* Fed. R. Evid. 902(1).[1] As the Certificate is apparently not a document that was otherwise contained in the court record or the discovery exchanged between the parties at the time of Defendants' dispositive motion filing, it should have been offered with Defendants' motion by way of affidavit. *See* Fed. R. Civ. P. 56(e).[2] This supporting affidavit requirement is satisfied via Blaschke's affidavit attached to his Reply. While the better course would have been for this affidavit to have been supplied with the initial motion filing, in the exercise of its discretion the Court will accept Blaschke's supplementation here. His supplementation adds no new evidence

---

[1] For filing purposes, Defendants have provided a copy of the Certificate. Presumably, at trial Defendants would either provide the Certificate original, or the certification required by Federal Rule of Evidence 1005 to permit use of a copy.

[2] The Rule provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." Fed. R. Civ. P. 56(e).

not otherwise disclosed to Plaintiff via Blaschke's deposition, which discovery Plaintiff was given leave to complete prior to filing his Response. Moreover, Plaintiff directly challenges only Berger's affidavit, not Blaschke's. For these reasons, Plaintiff's Motion to Strike Defendant Blaschke's Reply will be denied, but the challenge to the filing of Ms. Berger's affidavit as part of the summary judgment filings will be sustained.

Plaintiff's Motion to Strike the Reply of Defendant Ruh will also be denied. To the extent Ruh's separate Reply incorporated by reference the affidavits of Blaschke and Berger attached to Blaschke's Reply, that argument is addressed above. But Plaintiff also protests that Ruh's Reply argues for the first time that "he has no personal negligence for any of his own actions." (Doc. #51, at 2.) However, Ruh's Reply is more accurately described as contending he is without personal negligence based upon his *lack of actions* with Cosmo's, LLC. He maintains that he had no personal, hands-on involvement with the business and, therefore, there were no acts or omissions by him in connection with its operation that would serve to potentially expose him to personal liability.

The Court is not inclined to strike Ruh's Reply on the basis of his presentation of this information, despite his failure to initially provide the information. The dispositive motion relied upon K.R.S. § 275.150(1) and, indeed, throughout the Complaint and in Counts Four and Five Plaintiff refers to Cosmo's, LLC and Blaschke and Ruh collectively, after noting that Cosmo's, LLC had been administratively dissolved and therefore that Ruh and Blaschke were personally responsible for the debts and obligations of the business. (Doc. #1, at ¶ 10.)

After Plaintiff responded by arguing that he was also advancing claims against Blaschke and Ruh personally for their own negligent acts and that Kentucky law does not

4

prohibit such direct claims against persons otherwise members of limited liability companies, Defendant Ruh replied to this contention. He replied by pointing to deposition evidence about his lack of hands-on involvement in the daily operations and decisions of Cosmo's, LLC. The deposition excerpts he relies upon are from the depositions Plaintiff was given leave to take prior to responding to the summary judgment motion. Thus, neither the information nor the position put forth by Ruh in his Reply are being "rais[ed] for the first time," as Plaintiff argues. And Plaintiff's charge that Ruh not disclosing this information until replying hinders Plaintiff's ability to address Ruh's contention is undercut by Plaintiff's own prior actions and representations. Plaintiff moved for and was granted a response extension for the specific purpose of deposing Blaschke and Ruh about their individual conduct in relation to the business operations. Plaintiff's motion maintained that

> Plaintiff has to depose Defendants in order to discover *their actions and how they contributed or caused the injury* to Plaintiff and to uncover any other material facts. Counsel's affidavit attached hereto supports this fact as Plaintiff, through counsel, cannot, without taking Defendant Ruh's and Blaschke's deposition, present by affidavit, facts essential to justify Plaintiff's opposition to Defendant's Motion for Summary Judgment. Until such discovery occurs, appropriate opposing affidavits and/or other evidence permitted under Rule 56 cannot be filed.

(Doc. #41, at 5; emphasis added.) Plaintiff was given leave to depose Defendants before responding and provided information gleaned therefrom that he believed was relevant to and supportive of his opposition of their motion. Plaintiff cannot now be heard to complain that he is hindered in his ability to address Ruh's use of the same testimonial evidence Plaintiff himself sought to obtain. His argument to the contrary is disingenuous.

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1)  Plaintiff's Motion to Strike Defendant Blaschke's Reply (Doc. #52) is hereby **denied;** however, the Affidavit of Jeanne Berger attached as Exhibit B to said Reply is hereby **stricken;**

(2)  Plaintiff's Motion to Strike Defendant Ruh's Reply (Doc. #51) is hereby **denied;** and,

(3)  the Joint Motion for Summary Judgment (Doc. #34) remains under submission with the Court.

This 29th day of January, 2008.

Signed By:
**David L. Bunning**
United States District Judge

G:\DATA\ORDERS\Cov06\06-188-MotiontoStrike.wpd