**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**
**CIVIL ACTION NO. 06-188-DLB**

KELLY W. EVE,                                                                                          PLAINTIFF

V.

COSMO'S, LLC, et al.,                                                                              DEFENDANTS

## REPORT & RECOMMENDATION

**Procedural Background**

Pursuant to local practice, this case was referred to the undersigned magistrate judge for

pretrial management.  *See* 28 U.S.C. §636(b).  After  two years of litigation, plaintiff's counsel

moved to withdraw from representation of the plaintiff, citing a "breakdown in the attorney-

client relationship" that prohibited effective continued representation.  Despite having been

notified on two occasions of counsel's intent to withdraw, plaintiff did not respond to the

motion.  Given the age of the litigation and the fact that partial disposition on summary judgment

in favor of one defendant had previously been granted, the court scheduled a hearing on the

motion to withdraw for September 23, 2008.  By orders dated September 10 and September 11,

2008, plaintiff Kelly Eve was directed to appear at the scheduled hearing.  Regrettably, he failed

to appear.  *See* Doc. 77 (Order of 9/23/08).

To ensure adequate notice and to provide plaintiff a second opportunity to appear, the

court set a new hearing on the motion to withdraw for September 29, 2008.  Doc. 77.  Plaintiff

Kelly Eve was again ordered to appear and to show cause for his failure to comply with the prior

orders of this court.  The Clerk of Court served plaintiff with a copy of the order at his last

known address.  When the motion was called for hearing, plaintiff's counsel Henry Acciani

appeared but plaintiff again failed to appear.  In addition to notice by the Clerk of Court, counsel

advised that he forwarded the September 23, 2008 order to plaintiff both by regular and by

certified mail.

In the court's subsequent order of September 30, 2008, the court warned plaintiff a final time that his continued failure to comply with the orders of this court was likely to result in dismissal of his lawsuit.  *See Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).  At the conclusion of the September 29 hearing, the court granted counsel's motion to withdraw and directed plaintiff to notify the court by October 31, 2008 of the identity of new counsel, or in the alternative, whether he intends to proceed *pro se*.   A copy of the court's September 30 order was forwarded to plaintiff at his last known address.[1]

Plaintiff has now failed to comply with three orders of this court.  He has twice failed to appear as directed, and most recently has failed to timely advise the court of whether he intends to continue to prosecute this action, either through new counsel or *pro se*.  In light of  plaintiff's clear and repeated failure to comply with the orders of this court and failure to take steps to continue prosecution of his claims, dismissal of this complaint with prejudice for failure to prosecute is appropriate.  *See also* Rule 41(b), Fed. R. Civ. P.

**Recommendation**

Accordingly, **IT IS RECOMMENDED THAT** this action be **dismissed *sua sponte*** with prejudice pursuant to Rule 41(b) based upon the repeated failure of plaintiff to comply with the orders of this court and failure to prosecute this case.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service or further appeal is waived.  *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).   Poorly drafted objections, general objections, or objections that require a judge's

---

[1]The record reflects that no orders or documents served on plaintiff at that address have been returned as undelivered.

interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within ten days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 7th day of November, 2008.

Signed By:

**J. Gregory Wehrman**

**United States Magistrate Judge**